First case of the afternoon is 410-0776, Garcia v. Young, for the appellant, Mr. Simmons, and for the appellee, Mr. Chapin. You may proceed. Thank you, Your Honor. May it please the Court. Counsel. My name is John Simmons, and I am here today on behalf of Stephen and Amber Garcia, plaintiffs before the Champaign Circuit Court, versus defendant Jack Young. We are here today to request that this Court reverse a September 8, 2010, summary judgment order granting summary judgment to the defendant, Jack Young. If the Court has had an opportunity to review my brief, then the Court will understand that the only issue really going on before this matter is that of duty. It's not a matter of breach of duty or any of the other elements of negligence. As the Court has previously pointed out, in Illinois, duty is analyzed by four factors. Whether the injury that is sustained by an individual is foreseeable, whether that injury is likely, what the burden of guarding against the injury amounts to, and what the consequences of imposing such a burden as against a particular defendant would entail. In this case, we're dealing with an August 1, 2005 incident in which Mr. Stephen Garcia was playing with his 3-year-old stepson in the front yard of a home located on a privately owned Jack Street, I'm sorry, Young Street, owned by the defendant, Jack Young. As the testimony in this case, both from Mr. Young and from Mr. Garcia, confirmed, the condition of the street was very hazardous, including a number of potholes, because of the cheap and unreliable methods that the defendant used to surface the street on a yearly basis. He had to resurface the street on a yearly basis because after winter, particularly heavy rainfalls, the surface would be washed away, leaving a number of these potholes. Testimony indicated these potholes proliferated the street to the point that in considering this motion for summary judgment, the plaintiffs do not contest that there was an open and obvious hazard in the surface of Young Street. The open and obvious doctrine goes to the first two issues of duty, whether there's a foreseeable injury and whether there's a likelihood of injury. And as was pointed out in the case of Wilfong v. Dodd, the open and obvious doctrine, along with two of the exceptions that I will be visiting, are a means to assist in analyzing the foreseeability and the likelihood of injury when we are considering duty. The issue that we take with Judge Klaus's ruling is that, one, he did not properly consider all of the issues of duty, instead simply ruling that the condition was open and obvious, that neither of the exceptions applied, and therefore summary judgment should be granted. How is he wrong? The exceptions, do one of the exceptions apply? We believe that both of the exceptions apply when we're considering this as a motion for summary judgment. The first exception being the deliberate encounter exception applies because a deliberate encounter occurs where a reasonable person, being aware of the hazardous nature of an obstacle, would still choose to encounter that because the apparent benefits of encountering it outweigh the apparent risks. But Counsel, Mr. Garcia said he didn't even see this pothole. Your Honor, I would cite to the case of Rawls v. Village of Glendale, the actual hazard is more than just one specific pothole. It's actually the entire surface of Yonge Street. Mr. Garcia testified that he knew that this pothole existed, that he was aware that the general surface of Yonge Street was littered with these potholes,  In the case of Rawls, this was a case in which we had a number of employees of the defendant who used an earthen-inclined path to proceed from point A to point B. There was a secondary path they could take, which, as the court in Wilfong pointed out, involved a great detour and a great inconvenience for those workers, so they routinely took the earthen incline. It came to be covered in natural accumulations of snow and ice, but the workers continued to take that path. One of them fell and became a plaintiff in the Rawls case, and in so doing, eventually had a summary judgment granted to his employer, saying that there was no delivery encountered. The appellate court reversed that decision, and in so doing, pointed out that there was a general knowledge that there was a generally hazardous incline. And it's the same thing that we have here, Your Honor. He may not have been aware of the specific pothole at the specific time that he tripped on it, but he was aware as he proceeded into that street, per his undisputed testimony, that proceeding into that street involved potentially encountering potholes. So the deliberate encounter exception does apply. And we particularly take umbrage with Judge Richard Klaus's decision, citing that the Wilfong case was binding, and showed that a deliberate encounter didn't exist here. Wilfong was not a deliberate encounter case. In fact, actually, the court in Wilfong specifically stated that in that case, their plaintiff had not raised deliberate encounter, and it was waived, and the court refused to address it. Wilfong was a distraction case, and it appears to us from the analysis and from what we received from Judge Klaus, that he didn't ever properly consider deliberate encounter. And this is also bolstered by the fact that at the opening of these arguments, Honorable Judge Klaus said to the parties that he just believed that deliberate encounter just did not apply here. But never gave any basis for that. Again, the plaintiff has testified, undisputed, uncontradicted, that he knew the street to be hazardous, and proceeded into it to protect his child's well-being. I don't think that it can be simply disposed of that a reasonable person would not make a similar decision. There is at least a question of fact as to whether a reasonable person seeing a child proceeding into the street would act similarly to what Mr. Garcia did, even knowing of the potholes and attempting to take the most direct route to protect that child. In fact, I believe that if he'd been specifically questioned, even the defendant, Jack Young, would agree that he would do a similar act as that of Mr. Garcia, as Mr. Young did testify, that he had specific concerns about the safety and well-being of children who might enter into Young Street. And he told an anecdote where he had disallowed one of his property owners to have a basketball hoop because he wanted to keep children out of the street because he was concerned about their safety and well-being. The only reasonable inference there is that he had a specific appreciation for the exact risk that arose. That he appreciated the benefits of what Mr. Garcia ended up choosing as his course of action as outweighing the apparent risks thereof. Similarly, that also allows the distraction encounter to apply. As Your Honor pointed out, it is Mr. Garcia's testimony that in the moments immediately preceding his fall, he was unaware that that specific pothole was in his path. However, he was distracted from that pothole by the act of attempting to exercise care for the well-being of the child who was entering the path of an incoming car. So what caused the distraction? It would be the child entering the street. Now, the defendant has cited a large volume of case law that mentions a body of cases that talk about defendants having a role in creating a distraction. And I believe that the defendants have overstated the holdings of those cases. First off, there is no black line rule that a defendant must create a distraction. Rather, as I had mentioned earlier, open and obvious... Well, let me stop you there. Would you agree that here, the defendant had no role in creating the distraction? Yes, I would agree that in this case, the defendant had no role in creating this distraction. However, as I mentioned in my brief, I believe that a role in creating a distraction just renders simple the question of whether or not that distraction was foreseeable. And that's the real issue for both deliberate encounter and for distraction. What was foreseeable to the defendant? And not subjectively, objectively, what was reasonably foreseeable? In this case, we actually have testimony from the defendant that he did subjectively foresee this distraction. So we've actually gone beyond what the law would ask in considering what was foreseeable to the defendant. Jack Young did testify he specifically foresaw a risk of children entering the street endangering themselves in the path of oncoming vehicles. Counsel, isn't that true everywhere? Every street, every residential area? It's foreseeable to anybody that a child might enter the street and get hurt by a car. Yes, I would agree that that is foreseeable to everyone. In this case, however, we do have the defendant specifically testifying that he also tried to take some steps to prevent that from happening. And the question is, should he have prepared the condition of his street to protect people using it based off what he could foresee? And I think that the fact that anyone could foresee that in no way lets the defendant off the hook for allowing his street to continue to exist in this hazardous condition. It's especially true as we move through the factors and we consider things like, what would the burden to this defendant be if he was held to have a duty in this case, as he should be? In this case, the burden would be to maintain the surface of his road in a reasonably safe condition. This is a burden that the defendant has already attempted to comply with, but has done what we would consider, if it had breached this issue, a breach of that duty. He has not done a sufficient job. He already annually resurfaces the roadway. He knows that his surfacing attempts are insufficient because for the past, I believe he testified, decade, he's had to annually resurface the roadway because the weather conditions in their natural course don't just deteriorate the surface of this privately owned lane. They do it to such an extent that the road becomes unusable that he has to directly intervene. The burden of putting this duty on him is simply that he would have to do it more consistently than he has done it in the past. He testifies he does it once a year. Perhaps if he'd done it twice a year, that would be able to abate the extent of the damage, or he could simply stop using the cheap road packing materials that he'd been using and undertake a more thorough and more permanent solution to the potholes that existed in the roadway. How much of a burden is that on a man who's already undertaken the same, just to do the job that he's trying to do correctly? It's no burden at all. These are steps that he's already taking, he's just not doing it sufficiently. So there's a hint of a voluntarily undertaken duty involved in this case as well. Similarly, what are the consequences of imposing that burden upon him? There are no consequences. It is a duty that he has undertaken on himself. He's already doing it. We just ask that he be held to doing that correctly, that he do it in such a way that the road doesn't exist with numerous potholes that create these tripping hazards that Stephen Garcia unfortunately encountered and unfortunately came to be injured by. Returning to the deliberate encounter exception specifically, I would like to draw attention to arguments made by the defense regarding a certain body of cases that recognize economic compulsion as a component of deliberate encounter, and I'd like to reiterate, as I did in my briefs, that that is not the case. It's true that there is a body of cases that have recognized that where there is an economic compulsion, that is a basis to help sustain a deliberate encounter. But pursuant to the Simmons case, in which an individual checking out of a grocery store came upon a, as it was determined, hazardous cart-inhabitant device, that was also found to be a deliberate encounter. And it was found to be a deliberate encounter, even in the existence of alternate routes that that plaintiff could have used to avoid the allegedly open and obvious hazard. And that also leads to another argument raised by the defense in their brief. And that is, they suggested that there's no showing that another route wouldn't have safely brought Stephen Garcia to rescue his son. Well, pursuant to Simmons, there doesn't have to be. That's not necessary. As long as the person is able to appreciate the risks of what they're doing, in this case, Stephen Garcia being able to appreciate the risks of walking into the roadway in an attempt to save his three-year-old stepson, the deliberate encounter exception should apply, and in its application should be considered in those four factors of duty. Therefore, your honors, we believe that summary judgment was inappropriately granted in this case. It was inappropriately granted because there is at least a question of fact as to whether or not the actions of Stephen Garcia constituted a deliberate encounter. There was at least a question of fact as to whether he was distracted. He did testify that he was distracted. The defendants relied on, I believe it was the Sandoval case or the Salami case, in which a plaintiff had specifically testified they were not distracted. That's not the case here. He specifically testified, I couldn't watch where I was going because I was trying to save my son. In the effort of trying to save his son, he was undertaking the exact kind of acts that the defendant had specifically foreseen that he knew would be a potential issue and which he wished to avoid. And in that foresight, this court should find that he owed a duty. The likelihood of injury for an individual walking into a street in the condition of Young Street, littered as it was by these potholes, is quite high. It's only a matter of time before someone got hurt. It's unfortunate that it was Mr. Garcia, in the attempt to rescue his son from an oncoming car, was the one who suffered that injury. But it was going to happen, and that likelihood is quite high. The burden of guarding against this issue is minimal, if not nonexistent. It's something the defendant has already done. It won't be any extra burden to him in any meaningful sense that he simply has to carry through on his intentions of patching the street in an appropriate, reasonable manner. And finally, the consequence of imposing that duty on a private owner of land on a private lane, regarding a duty that he's already voluntarily undertaking, albeit in an insufficient manner, is also negligible. So for the foregoing reasons, Your Honors, we do ask that the decision of the Sixth Judicial Circuit, Champaign County, be reversed. If you have no further questions, I will. We do now. Thank you. Thank you. May it please the Court, Counsel. My name is Rick Chapin. I represent the defendant, Jack Young. We are asking that the Court affirm the awarded summary judgment at the trial court level. I'll try to be very brief here. I think that it's clear that the plaintiff has acknowledged that the pothole in the street was an open and obvious condition. The Court found as a matter of law that it was an open and obvious condition. We certainly agree that that's a proper starting point for this analysis. So the real issue is, do either of the two recognized exceptions of distraction or deliberate encounter apply? And we feel that the answer is no. Neither of the distractions apply. First of all, the deliberate encounter exception, I think that the reason that that does not apply to this case is twofold. First, we do not have the exception. Didn't the Counsel, if I understood him a few minutes ago, say it's a fact question whether one of these exceptions apply? Is that correct? Or is this a question for, as a matter of law, this Court? I think it's a question as a matter of law for this Court to resolve. So even if there is a fact question, as Counsel argues, whether an exception applies, that doesn't save him from a summary judgment? No. Because if there is such a, and maybe it's a matter of semantics, fact question, that's up for this Court to decide. Am I following that correctly? I believe so, that on the uncontradicted facts that the Court should conclude. Sorry to interrupt you. I just wanted to straighten my head. The deliberate encounter has typically been applied in a situation where there is the economic compulsion, and that was in the Salami, I'm not sure how it's pronounced, case of the Supreme Court. But the Court said there it's not necessarily always required, but that has been a recurring application of the rule in those situations. In Salami, the Court didn't go on to give guidelines as to where it might be applied outside of an employment type of situation. But I think here we can go on beyond the economic compulsion and get to the second reason that the rule does not apply, and that is there was not a deliberate encounter of the pothole in this case. I think what we have here was the defendant, or the plaintiff, I'm sorry, responding to a sudden and emerging situation with his child running out into the roadway. He perceives a car approaching and thinks that the child is at risk, and he suddenly runs out into the road and the plaintiff follows him. Now, he intentionally enters into the road, but his encounter with the pothole, which is the defect, and that is the condition that the plaintiff seeks to hold the defendant to, protect him from, is the pothole. It's not the road per se, but the pothole that exists in the road. He encounters that unintentionally. He says, I wasn't focused on the pothole repeatedly in his deposition. He said, I was not focused upon the pothole. I didn't see the pothole. I knew that the road had potholes, but I did not intentionally encounter that pothole to the exclusion of stepping to one side of it or to the other or stepping over it. I think that this is clearly not a deliberate encounter. The deliberate encounter, by definition and by its application, refers to a sort of cost-benefit analysis in that the reasonable person, when faced with the same situation, would be anticipated or would reasonably be expected to encounter the hazard to the alternative to something else because the risks were outweighed by the benefits of doing so. So if this was a ditch that maybe should have been filled in or a hole that existed because of a repair, and Mr. Garcia said, the only way I could reach my son was to leap that ditch, and I tried to do so and I fell in it and broke my ankle, that would be a deliberate encounter with the ditch itself or the hole, which is different than what happened here, you would say. I agree. I think then he is recognizing its presence at that moment and he chooses to leap over it as opposed to go around it or to step into it and step through it, something like that. Here there is no indication that this was a deliberate action by the plaintiff. Deliberate in the broad scope in that he did intend to go into the road, he did intend to pursue his child, but as far as a deliberate encounter with the hazardous condition, now the hazardous condition here is the pothole, and the plaintiff tries to make it the entire roadway, but it's not the road that caused him to fall, it's the depression, that abnormal condition in the roadway that caused him to fall. He said it was about two feet wide, circular, six to eight inches deep, that's the defect that caused it. Obviously that he couldn't say that it was deep and wide tells us that on either side of it there was something else, the roadway. So this was not a deliberate encounter with that pothole. As far as the distraction exception goes, the distraction exception is not applicable here for the reasons that I think are well set forth in the Hope case and also in the Sandoval case and in the Wilfong case. First of all, the distraction principle is typically applied in those situations where the defendant did do something to create or cause the distraction and therefore has reason to anticipate that the plaintiff may be distracted, whether it's the operations on the business, such as a construction site situation, or the Ward versus Kmart situation. But we don't have that here. In fact, we have a situation that wasn't even foreseeable to the plaintiff himself, his child darting into the road in the face of an oncoming car. I mean, if he had foreseen this himself, he would have prevented it by not playing with his child in the front yard. But now he says it's foreseeable to the defendant that this situation would arise and that we should have protected him from that type of a situation. This case is very similar to the facts in the Sandoval case, and there we have the woman who was babysitting for a young child. She was out working in the front yard, basically. She noticed that the child was gone. She was fearful that the child might try to go down some steps in the back of the building. She then runs after the child, and she too says that she was not focused upon where she was going. She was not focused upon a condition that she knew to be present, that she had seen a million times, just as Mr. Garcia said. She was totally aware of the potholes in the roadway, the condition of the roadway. She stepped in that and suffered her injury. Now, the court there concluded that she wasn't distracted and said that it was a situation where her attention was diverted by her own actions. So whether it's a diversion or a distraction, I think the result is the same. It was deemed not foreseeable by the defendant that the plaintiff would encounter this risk because of their attention being diverted or being distracted by something other than a cause or a condition within the purview of the defendant's acts. This was a distraction or a diversion of attention solely within the control of the plaintiff himself. So the distraction exception simply does not apply here. The courts have held that this type of open and obvious analysis simply is an aid to the four-part duty analysis, and typically they say that it's not reasonably foreseeable, or the risk of injury is not reasonably foreseeable where there is an open and obvious condition since people will avoid an open and obvious condition. The likelihood of injury is slight where people will recognize an open and obvious condition and avoid it. And for those two reasons, those both being absent, given the open and obvious nature of this condition, the court should find that there is no duty. The counsel talks about the magnitude of the burden of guarding against injury and says all he needs to do is go out and regrade the road more frequently or resurface it. And of course this is a commercial enterprise, and if he goes out then this is adding a cost that is going to have a consequence, most likely it would have a consequence of increasing the rent to the people who occupy those premises. If they're rational consumers, they have chosen the best place that they can afford, and that's why they are where they're at. This is not a breach of lease or breach of contract type of case where Mr. Garcia can say the landlord agreed to pave the road or maintain it in a better condition. And so this is not something that we can simply say make him repave this, regrade it, and render it injury-free and safe without any consequence or with no burden to him. We feel that the deliberate encounter exception is not applicable, the distraction exception is not applicable. This was open and obvious. There is no duty, and we would ask that the court affirm the award of summary judgment. Thank you. Thank you. Roberta. Mr. Hunter, thank you. Once again, may it please the court and counsel, I would like to make sure that this is as direct to the defense's argument as possible. Again, there is no issue as to open and obvious for the purposes of what's before the court today. We acknowledge that the condition of Yonge Street for the purposes of this appeal was an open and obvious condition. But what the defense has done here is something that has been consistently decried in the case law. They're drawing their scope too narrowly. They're doing this both in terms of the hazard. Again, I would remind the court, as I cited previously, of the Rawls case. The hazard that was deliberately encountered was an approximately eight-foot earthen incline. There was no specific designation of what two-by-two patch that plaintiff happened to step upon that led to his falling. Yet, summary judgment was inappropriate in that case, and deliberate encounter did apply in that case. Similar, in terms of knowledge of this specific pothole, that's irrelevant, because he knew that the street itself was a hazardous condition. Even if we want to just focus it down to a general stretch of the street, if we wanted to say specifically with Rawls that we'll take an eight-foot stretch of that street, and we can consider that, the testimony is that the entirety of Yonge Street was so littered with potholes that there would have been potholes within that stretch. Similar to Rawls, as in this case, he deliberately encountered the hazard, even if he did not look down and see the specific area that his foot ended up meeting its unfortunate end. Regarding the economic compulsion aspect of the deliberate encounter, it was asked, is duty a question of law or fact? Generally, duty is a question of law. However, I think that we have seen in these open and obvious cases, it easily becomes a mixed question of law or fact. Even in the Ward case, the court uses the phraseology of the fact of whether someone deliberately encountered something. The fact of whether a distraction existed. And even in determining, though it's not an issue in this case, whether or not a hazard is in fact open and obvious, we do invite fact questions into it that make it inappropriate for summary judgment. In this case, we did not dispute that there was an open and obvious hazard. However, if there had been disputes about the size of that, for example, we could just use the generic situation of a person who trips on a raised portion of a sidewalk. When there's a dispute there, summary judgment would not be granted. And the reason I bring this up is it just points out that while generally duty may be a question of law, when we're considering the issues of open and obvious and its attendant exceptions, we do invite questions of fact. And in this case, those questions of fact do apply and make summary judgment inappropriate. This is a case where the nature of the case has rendered the question of duty more than just a question of law. It's a mixed question of law and fact. And summary judgment was inappropriate. So who decides whether there's a duty then? In this case, the judge certainly has an input as to all things that are strictly a question of law, but where we have those questions of fact, I think it has to go to the trier of fact. So the jury determines duty in this type of a case? The jury would have to determine whether or not a deliberate encounter occurred. The jury would have to determine whether or not a distraction occurred. There's really no argument about you're saying the deliberate encounter was with the street. They agree he deliberately encountered the street, but their argument is he didn't deliberately encounter the pothole. So there was a deliberate encounter, but the issue is, does it have to be with the pothole or the street? With the distraction, then, I think it's far more applicable, because their argument with distraction is that there was no distraction. Well, I'm not sure that's our argument. I think part of it is the issue of whether or not the defendant has to be a participant in the creation of the distraction under the case law. We do feel that there were questions of fact, and if this Court feels that those are irrelevant, I won't attempt to sway the Court on that matter, but we do feel that the question of fact that existed, whether or not the deliberate encounter occurred and whether the distraction existed, do make summary judgment appropriate. Regarding the three cases cited by the defendant specifically, starting with the Hope case, this is a case in which a person intentionally brought a cell phone up to their head while exiting down stairways with a hazard that they had previously encountered, and the Court there specifically noted that that plaintiff brought a distraction upon themselves. That's not what happened in this case. Again, this was an issue which the defendant specifically foresaw a child darting into the room. Again, I had mentioned earlier that the defense continues to cut things too narrowly when the law wants to look at things in a more general sense. I see my time has expired. May I conclude? You may. Thank you. This should be a general consideration of what the defense objectively should foresee. The defendant objectively foresaw this distraction in the general sense, though not the specific sense. For those reasons, Your Honor, we ask that the grant of summary judgment be reversed. Thank you, counsel. We'll take this matter under review.